IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DENNIS JAMES SMITH, SR., et al                                    PLAINTIFFS
ADC #120631

V.                              NO. 5:08cv00086 WRW-JWC

ARKANSAS DEPARTMENT OF                                           DEFENDANTS
CORRECTION, et al

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**I. Instructions**

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR  72201-3325

## II.  Recommended Disposition

Plaintiff Dennis Smith is a pro se inmate currently confined to the East Arkansas Regional Unit ("EARU") of the Arkansas Department of Correction ("ADC").  On March 27, 2008, Plaintiff Dennis Smith filed this 42 U.S.C. § 1983 civil rights action (docket entry #1) naming himself and free-world citizens Marie Smith, Shirley Bingham, and Mrs. Melvin Smith Seals as Plaintiffs.  None submitted the $350.00 statutory filing fee or an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.   So that the Court could determine how the filing fee would be paid, by order entered April 3, 2008 (doc. 2), Plaintiff Dennis Smith was directed to complete and sign an in forma pauperis application.  At Plaintiff's request, an authorized official of the EARU was directed to complete and sign the certificate portion of his application, along with the required calculation sheet.  With respect to free-world Plaintiffs Marie Smith, Shirley Bingham, and Mrs. Melvin Smith Seals, the Court's policy is to require submission of an affidavit pursuant to § 1915(a)(1) to determine whether they should be required to pay all, or a portion of, the fees and costs associated with this lawsuit. Therefore, free-world Plaintiffs Marie Smith, Shirley Bingham,

and Mrs. Melvin Smith Seals were advised if they wished to proceed as parties to this action, they must each complete and submit a financial affidavit provided by the Court.  In addition, the Clerk of the Court was directed to return the last page of the complaint to Plaintiffs Marie Smith, Shirley Bingham, and Mrs. Melvin Smith Seals to sign, date, and return.  Each of the named Plaintiffs was directed to respond accordingly on or before May 5, 2008.  Since no address had been provided for Plaintiffs Shirley Bingham and Mrs. Melvin Smith Seals, the Clerk of the Court was further instructed to provide their financial affidavit forms and a copy of the last page of the complaint to Plaintiff Marie Smith to obtain the necessary information.

In the same order, Plaintiffs were notified that the Court would entertain a motion to voluntarily dismiss the ADC as a Defendant to their action.  The Court explained to Plaintiffs that the ADC was not a proper party as it is not a "person" subject to suit under § 1983.[1]  Last, because Plaintiffs' complaint was entirely too vague to enable the Court to determine whether it was frivolous or failed to state a claim for relief under § 1915A, they were ordered to amend their complaint on or before May 5, 2008, to specifically explain: 1) how Defendants Harris, Golatt, Parker, McDaniel, and Ramsey were personally involved in, aware of, or had knowledge of the actions of which Plaintiff Dennis Smith complained; 2) how Defendants Harris, Golatt, Parker, McDaniel, and Ramsey violated Plaintiff Dennis Smith's constitutional rights; 3) the relief requested (i.e., what they wanted this Court to do

---

[1] The Eleventh Amendment bars a citizen from bringing suit in federal court against a state, a state agency, or a state official sued in his official capacity for monetary damages which must be paid from public funds in the state treasury.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Barnes v. State of Missouri, 960 F.2d 63, 64 (8th Cir. 1992) (per curiam); Nix v. Norman, 879 F.2d 429, 431-32 (8th Cir. 1989).

for them); and 4) whether Plaintiffs sued Defendants in an individual capacity, official capacity, or both.

On April 14, 2008, Plaintiff Dennis Smith timely responded to the Court's order by filing an in forma pauperis application in compliance with § 1915(a)'s requirements (doc. 4); accordingly, in forma pauperis status was granted to him (doc. 5). Free-world Plaintiffs Marie Smith, Shirley Bingham, and Mrs. Melvin Smith Seals did not complete and submit the financial affidavit provided by the Court, nor did they return the signature page of the complaint. None of the Plaintiffs have filed an amended complaint.

### **Plaintiffs Marie Smith, Shirley Bingham, and Mrs. Melvin Smith Seals**

The Court's April 3, 2008, order has not been returned and no responsive filings have been received from the free-world Plaintiffs. Furthermore, the Clerk has certified that a copy of the Court's order, financial affidavits, and signature page was mailed to Plaintiff Marie Smith personally on April 3, 2008, at her last given address in Tiller, Arkansas (see doc. 3). Since the free-world Plaintiffs have taken no action, this case should be dismissed without prejudice as to each due to their failure to prosecute and their failure to respond to the Court's order. Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); Garrison v. Int'l Paper Co., 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the

district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

### **Plaintiff Dennis Smith**

Although Plaintiff Dennis Smith did timely respond to the Court's order by filing an in forma pauperis application, he has failed to file an amended complaint as instructed. Moreover, in the Court's order granting in forma pauperis status (see doc. 5), Plaintiff was reminded to file, on or before May 5, 2008, an amended complaint that contained the information requested in the Court's April 3, 2008, order.  Plaintiff was further advised, for the second time, that his failure to make a timely and complete response to this Court's April 3, 2008, order to amend would result in the recommended dismissal of his case without prejudice.

Plaintiff has submitted two filings, neither responsive.  First, he filed a letter and affidavit on April 25, 2008 (doc. 7), in which he asked the Court to contact his family so they could tell the Court "everything."  In his affidavit Plaintiff states that a Joe Paige and Stacy Jackson know what's "going down" in the Monticello Jail and are both aware of the lies about his charges.  He further appears to request his personal property back.  He last states that "those people" who wrote his disciplinary lied, that he is able to "go back into the world," and that the parole board could have granted his release.  A month later Plaintiff filed a motion for order for assistance in being released (doc. 8).   In this submission, Plaintiff states that he was supposed to appear before the parole board but before he was able to he was "lied on twice" by officers.  He requests the Court's help in obtaining his release from prison.

In <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), the Supreme Court delineated what constitutes a habeas action as opposed to a § 1983 claim.  The essence of habeas corpus is an attack by a person in custody upon the legality of that custody.  <u>Id</u>. at 484.  The label a prisoner gives to his suit is not controlling.  <u>Id</u>. at 489-90.  Therefore, if Plaintiff is in effect challenging the length of his incarceration, then his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, rather than a civil rights complaint pursuant to § 1983.  <u>Id</u>. at 499.   State prisoners are required to exhaust their available state court remedies before bringing federal habeas corpus claims.  28 U.S.C. § 2254(b) & (c).  A claim is considered exhausted "when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim."  <u>Ashker v. Leapley</u>, 5 F.3d 1178, 1179 (8th Cir. 1993).

The essence of Plaintiff's complaint appears to be an attack on the validity of a disciplinary he received, i.e., that it has prevented him from appearing before the parole board and being released.  The fact that he has labeled this a § 1983 action is not controlling.  The type of claim Plaintiff has raised, if proven, would necessarily invalidate the disciplinary result and would affect the term of his sentence; therefore, to the extent Plaintiff challenges his continued incarceration, his claims are not cognizable here.  <u>Kruger v. Erickson</u>, 77 F.3d 1071, 1073 (8th Cir. 1996) (court must look to substance of relief sought to determine if action is § 1983 suit or habeas corpus action; prisoner's labeling of suit is not controlling); <u>Wilson v. Lockhart</u>, 949 F.2d 1051, 1051-52 (8th Cir. 1991) (challenge which would result, if successful, only in earlier eligibility for parole and not necessarily earlier release, should nonetheless be brought as habeas petition).  Furthermore, the Court should decline to consider this case on the merits as a § 2254

6

habeas petition because it is apparent from the face of the complaint that Plaintiff has not claimed--much less proven--that he has exhausted his available state court remedies; therefore, dismissal without prejudice is appropriate.  28 U.S.C. § 2254(b)(1)(A) (court shall not grant writ of habeas corpus unless applicant has exhausted remedies available in state court system); <u>Carmichael v. White</u>, 163 F.3d 1044, 1045 (8th Cir. 1998) (§ 2254 petitioner has burden to show all available state remedies have been exhausted or that exceptional circumstances exist).

### III.  Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiffs' (Marie Smith, Shirley Bingham, and Mrs. Melvin Smith Seals) case should be DISMISSED WITHOUT PREJUDICE due to their failure to prosecute and their failure to respond to the Court's order.

2.      Plaintiff Dennis Smith's case should be DISMISSED WITHOUT PREJUDICE for failure to state a claim and for failure to comply with the Court's orders to amend.

3.      All PENDING MOTIONS should be DENIED AS MOOT.

DATED this 9th day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE